HENRY DAVIS, plaintiff in error, vs. THE STATE OF GEOR-
GIA, defendant in error.

1. Where the allegations of an indictment are sufficient, in law, to
authorize a conviction of, and judgment against, the accused, the
judgment will not be arrested.
2. When the verdict is in accordance with, and supported by, the evi-
dence, it will be maintained.
3. Whilst it is the duty of the Court to restrict the counsel for the
State, in his concluding argument upon the facts of a case, to such
facts as are in evidence, yet the failure of the Court thus to restrict
the counsel, is no sufficient ground for a new trial, where the accused
is not prejudiced by the remarks of the counsel outside of the evidence,
and where the Court is not called upon to interpose.
4. The refusal of the Court to continue a case on account of the
absence of witnesses, is no ground for a new trial, where the Court
temporarily postpones the case, and sends for the witnesses, and the
party moving the continuance obtains the benefit of their testimony.
5. To justify the continuance of a criminal case on account of public
excitement against the accused, it must be shown that such excitement
really exists, and that, in consequence thereof, a fair trial cannot be
had.

Indictment for larceny from the house. In the Superior
Court of Lumpkin county. Tried before his Honor GEORGE
D. RICE, the presiding Judge. At the April Term, 1861.

At an adjourned term of Lumpkin Superior Court, held in
April, 1861, a bill of indictment was found and filed against
Henry Davis, charging him with larceny from the house.
The indictment contained the following allegations and speci-
fications, to wit:

"For that the said Henry Davis, in said county, on the
fifth day of April, in the year of our Lord, eighteen hundred
and sixty-one, with force and arms, one black cassimere cloth
coat, called a sack coat, one pair cassimere pantaloons, of
dark color, then and there being the goods and chattels and
personal property of one Mark Bennett, said black cassimere
coat, and said pantaloons, then and there being of the value
of eight dollars, said black cassimere coat and pantaloons,
then and there being in the store house of the said Mark
Bennett, in the county aforesaid, being found, said store

house then and there being a house for the deposit and safe keeping of ready-made clothing, and within the curtilage of the dwelling house of the said Mark Bennett, the same being a store house, then and there for the deposit and safe keeping of ready-made clothing, him, the said Henry Davis, then and there, from said store house, unlawfully, fraudulently, and privately, with intent to steal the said ready-made cassimere coat, and said dark colored cassimere pants, then and there did take and carry away, with intent to steal the same, contrary to the laws of said State, the good order, peace and dignity thereof."

On the 6th of April, 1861, the accused was arraigned, and pleaded not guilty.

When the case was called for trial, the defendant moved to continue said case, on the ground that, from the recent finding of the bill of indictment, he had not had time to prepare for trial, the indictment having been returned by the grand jury but a few minutes before the case was called. His counsel also stated that he expected to prove that the accused was deranged; and further stated, that such was the general excitement in the community against the accused, that he was fearful that his client could not obtain a fair trial. The Court refused to continue the case—first, because there was no evidence before the Court of public excitement against the prisoner; and, secondly, because it appeared that the witness whose testimony the defendant desired, resided but a few miles from the court-house, and the Court postponed the trial, and placed an officer at defendant's command, who went out and brought in all the witnesses that the accused desired, so far as the Court was informed.

On the trial of the case, it appeared from the evidence that the accused was in attendance upon the Superior Court, then in session, as one of its bailiffs; that on the 5th of April, 1861, he entered the clothing store of Mark Bennett, in the town of Dahlonega, in the said county of Lumpkin, and examined some clothing, and inquired as to the prices, apparently with the intent to buy; that whilst there he put on a black cassimere sack coat, and put his over-coat on over it;

that he also hid a pair of dark-colored cassimere pantaloons under his coat, and left the store house; that he carried the clothing some distance off, to another part of the town, and hid them between a fence and a stable. The clothing was produced, and identified as the property of Mark Bennett, and proved to be the clothing taken privately from Bennett's store, and to be of the value alleged in the indictment.

Pending the argument of the Solicitor General in conclusion, he told the jury that he understood that persons had said, on the streets, that they would bet money as to their finding, because some of the jury had formed and expressed an opinion as to the guilt of the prisoner before they were impanneled and sworn. The solicitor also said, amongst other things, that Joe Leathers was lashed on his back for stealing the first horse he ever stole.

The jury returned a verdict of guilty against the defendant, and his counsel made a motion to arrest the judgment in said case, on the ground that the allegations and specifications in the bill of indictment were not sufficient in law to authorize a conviction or judgment against the defendant, on a charge of larceny from the house. The Court overruled the motion, and defendant excepted.

Counsel also moved for a new trial of said case, on the grounds:

1st. Because the jury found contrary to evidence, and greatly against the weight of the evidence in said case.

2nd. Because the Court erred in not suppressing and overruling the remarks of the Solicitor General in his argument to the jury, although not requested to do so, and no objection being made to such remarks at the time.

3rd. Because the Court erred in refusing to continue said case on the motion made, and on the grounds hereinbefore stated.

The presiding Judge overruled the motion, and defendant excepted, and now presses the writ of error in this case, to reverse the judgment of the Court, on the ground of alleged error in the refusal of the Court to arrest the judgment, and the refusal of the Court to grant a new trial.

Davis *vs.* The State of Georgia.

WM. MARTIN, for plaintiff in error.

C. D. PHILLIPS, (Solicitor General *pro tem.,*) *contra.*

*By the Court*—JENKINS, J., delivering the opinion.

After careful examination of the bill of indictment, we think its allegations and specifications are sufficient in law to authorize a conviction of, and judgment against, the accused, for larceny from the house, and will not disturb the judgment of the Court below, overruling the motion in arrest of judgment. Neither the argument of counsel, nor even our own scrutiny of the evidence, have satisfied us that "the verdict is contrary to evidence, or greatly against the weight of the evidence." Therefore, without entering upon an argument of the facts, we sustain the judgment of the Court below, overruling the motion for a new trial on the first ground. 1st. Whilst we hold that it is the duty of the Court to restrict the Solicitor General in his concluding argument upon the facts, to such as are in evidence, we see in the departure from this course, which the Court below is alleged to have permitted in this case, nothing prejudicial to the accused ; and inasmuch as it does not appear that the Court was called upon to interpose, the remarks objected to certainly furnish no sufficient ground for a new trial.

2nd. In so far as the refusal of the Court to continue the case constitutes a ground of a motion for a new trial, it is doubly untenable. It appears that the Court postponed the cause for a time, that the accused might procure the attendance of his witnesses, and placed an officer at his command. They were sent for, and no further complaint was made on that score ; the absent witness, it would seem, attended in obedience to a summons.

3rd. There was no evidence of great excitement in the community against the accused, and it would have been strange if there had been such a feeling produced by a charge of this nature. The judgment of the Court below is affirmed in all of the points.

Let the judgment be affirmed.